IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:19-CR-22-TAV-DCP |
| | ) | |
| LABRADFORD HOPKINS-BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on Defendant Labradford Hopkins-Brown's Motion to Continue Trial and All Other Deadlines [Doc. 32], filed on September 3, 2019. Defendant Hopkins-Brown asks to continue the October 15, 2019 trial date and the other deadlines in this case in order to give his attorney additional time to review discovery and to confer with the Defendant on discovery. The motion relates that the Government does not object to the requested continuance. The parties appeared for a scheduled pretrial conference and motion hearing on the motion on September 26, 2019. AUSA Casey Thomas Arrowood represented the Government. Attorney Wesley D. Stone appeared on behalf of Defendant Hopkins-Brown, whom the Court excused from the hearing.

At the hearing, Mr. Stone stated that the Defendant, who is released on conditions, resides in Michigan. He said that although he has maintained good communications with the Defendant, the Defendant's residence outside the district has complicated their reviewing the discovery together. Mr. Stone stated that he also needed to complete his own review of the discovery in this

case. AUSA Arrowood said the Government does not oppose the requested continuance of the trial and other deadlines. The parties agreed on a new trial date of February 25, 2020.

The Court finds Defendant Hopkins-Brown's motion to continue the trial and other deadlines to be unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 3] charges Defendant Hopkins-Brown and two codefendants with conspiring to obtain federally insured funds from financial institutions by false pretenses in violation of 18 U.S.C. § 1344(2) (Count 1). Defendant Hopkins-Brown is also charged with two counts of bank fraud (Counts 6 & 7) and two counts of aggravated identity theft (Counts 12 & 13). Defense counsel needs additional time to review the discovery and to confer with the Defendant regarding discovery. The Court also notes that Defendant Hopkins-Brown entered the case on August 6, 2019, and one codefendant has yet to enter the case.[1] Accordingly, the Court finds that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, despite counsel's exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's unopposed motion [**Doc. 32**] to continue the trial date and other deadlines is **GRANTED**, and the trial is reset to **February 25, 2020**. The Court finds that all the time between the filing of the motion for a continuance on **September 3, 2019**, and the new trial date of **February 25, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling in this case, the motion deadline is extended to **October 28, 2019**. Responses to pretrial motions are due on or before **November 11, 2019**. If any motions are filed that require a hearing, Chambers will contact the parties to schedule a motion hearing. Motions *in limine* must be filed no later than

---

[1] A third codefendant is no longer proceeding to trial.

**February 10, 2020**. The parties are to appear before the undersigned for a final pretrial conference on **February 11, 2020, at 2:00 p.m.** The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **February 11, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **February 14, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Trial and All other Deadlines [**Doc. 32**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 25, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **September 3, 2019**, and the new trial date of **February 25, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **October 28, 2019**. Responses to motions are due on or before **November 11, 2019**;

(5) Motions *in limine* are due on **February 11, 2020**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **February 11, 2020, at 2:00 p.m.** This date is also the deadline for concluding plea negotiations and providing reciprocal discovery; and

(7) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **February 14, 2020**.

**IT IS SO ORDERED.**

                        ENTER:

                        */s/ Debra C. Poplin*
                        Debra C. Poplin
                        United States Magistrate Judge