IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-22-TAV-DCP |
| | ) | |
| LABRADFORD HOPKINS-BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion for Funding for Transportation for Indigent Defendant [Doc. 46], which was filed on January 13, 2020. At his initial appearance and arraignment on August 6, 2020, Defendant Hopkins-Brown was released on conditions [Doc. 29], including that the Defendant live with his brother and third-party custodian, LaKeith Kai Hopkins, in Redford, Michigan. On January 8, 2020, Defendant Hopkins-Brown appeared before United States Magistrate Judge David R. Grand in the Eastern District of Michigan, following his arrest in Michigan on a Petition for Action on Conditions of Pretrial Release from this District. Magistrate Judge Grand released the Defendant on conditions, including that the Defendant appear for all court proceedings in the Eastern District of Tennessee [Doc. 45-4], and imposed a $10,000 unsecured appearance bond [Doc. 45-5]. Judge Grand also ordered [Doc. 45-6] that Defendant Hopkins-Brown appear in this Court on January 22, 2020.[1]

---

[1] It is not clear why this date was selected, as it does not correspond to any hearings set in this Court on this case.

The undersigned scheduled a hearing on the petition for January 14, 2020, at 2:00 p.m., which date and time were communicated to the Eastern District of Michigan at the time of the Defendant's arrest. On the morning of January 13, 2020, defense counsel contacted Chambers, relating that Defendant could not appear on January 14, 2020. The Court agreed to reschedule the January 14 hearing to give defense counsel time to file the instant motion.

In his motion, the Defendant states that he is not able to afford to travel from Michigan to this District for the revocation hearing. The Defendant asks the Court to order the United States Marshals Service to make arrangements and provide funding for him to travel to this District for a hearing on the Petition.

A United States Magistrate judge may order that the United States Marshal arrange for non-custodial transportation or provide the fare for same for a defendant released on conditions in another district to travel to the prosecuting district for a court appearance if the judge is satisfied that (1) such order would be in the interests of justice and (2) the defendant is not financially able to provide the transportation on his or her own. 18 U.S.C. § 4285. This statute is limited to the payment of one-way travel for a court appearance. *Id.* (authorizing funds for transportation "to the place where [the defendant's] appearance is required"); *United States v. Mouzon*, No. 1:12–CR–301–04, 2014 WL 1303708, *1-2 (M.D. Pa. Mar. 31, 2014) (observing that the legislative history reveals Congress's intent that the statute authorize funds for travel only to the district); *United States v. Birdhorse*, No. 2:07-CR-65, 2007 WL 2358634, *2 (D. N.D. Aug. 17, 2007); *United States v. James*, 762 F. Supp. 1, 2 (D. D.C. 1991) (holding that "the statute provides for a one way ticket, notwithstanding the possible hardship to the defendant"). The policy behind the statute is to gain the defendant's appearance both economically and expeditiously:

> Arranging for noncustodial transportation is an efficient means of
> securing court appearances by willing indigent defendants. Absent

> that payment for noncustodial transportation, the likely result is custodial transportation following issuance of a warrant, at far higher costs to the United States Marshal's Service.

*Birdhorse*, 2007 WL 2358634, at 2.

Section 4285 requires the Court to make "appropriate inquiry" into whether a defendant is financially able to transport him or herself to a required court appearance. In this regard, the Court observes that it found [Doc. 28] Defendant Hopkins-Brown qualified for the appointment of counsel at his initial appearance. However, a defendant's inability to afford representation does not necessarily mean that the defendant is financially unable to pay transportation expenses to this District. Additionally, Defendant Hopkins-Brown reported being employed at the time of his initial appearance and continued employment remains a condition of his release. Accordingly, the Defendant is **ORDERED** to file *ex parte* a detailed financial affidavit stating his income, his assets, his expenses, his debts, and how much and how recently the Defendant has contributed financial support to his three dependents.[2] The Court also **DIRECTS** that defense counsel file, along with the affidavit, a statement of the cost of a bus ticket to Knoxville, Tennessee, during the week of January 21 to 24, 2020, so that the Court may evaluate the Defendant's ability to pay in light of the projected cost. The Defendant is **DIRECTED** to file his *ex parte* financial affidavit and the statement of cost on or before **January 17, 2020**.

      **IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United State Magistrate Judge

---

[2] While the Court is not requiring use of this form, Appendix Form 4 of the Federal Rules of Appellate Procedure, Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis, is an example of the level of detail the Court requires in the requested financial affidavit.

3