UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-22-TAV-DCP |
| | ) | |
| LABRADFORD HOPKINS-BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The Defendant appeared before the undersigned on February 7, 2020, for a hearing on the Petition for Action on Conditions of Pretrial Release [Doc. 44], filed on December 18, 2019. Assistant United States Attorney Casey Thomas Arrowood appeared on behalf of the Government. Attorney Wesley D. Stone represented the Defendant, who was also present.[1] The Government moved to revoke the Defendant's pretrial release, contending that he tested positive for marijuana four times and that he failed to attend a substance abuse therapy appointment. The Defendant asked to be released on the same conditions, stating that he attended his mental and substance abuse therapy in December and January and that he has not used marijuana in a month.

By way of background, the Court observes that the Defendant appeared for a detention hearing on August 6, 2019, before United States Magistrate Judge R. Steven Whalen, of the Eastern District of Michigan. Although the Government moved for detention, Judge Whalen

---

[1] Defendant Hopkins-Brown missed two earlier settings of the revocation hearing, due to difficulties obtaining transportation. Defendant filed a Motion for Funding for Transportation of Indigent Defendant [Doc. 46] on January 13, 2020, but defense counsel later informed the Court that the Defendant could pay for his bus ticket, if the hearing was reset for a couple of weeks out. Defendant Hopkins-Brown appeared at the February 7 hearing without need of Court funding. Accordingly, the Defendant's motion [**Doc. 46**] is **DENIED as moot.**

released Defendant Hopkins-Brown, pursuant to an Order Setting Conditions of Release [Doc. 31, p.6]. On August 8, 2019, the Defendant appeared for an arraignment in this district, and the undersigned released him on an Order Setting Conditions of Release [Doc. 29]. The conditions of the Defendant's release include that he get medical or psychiatric treatment and a mental health assessment, if so directed by the supervising probation officer; that he not use or unlawfully possess controlled substances without a legitimate prescription; that he submit to drug testing; and that he participate in a program of substance abuse therapy and counseling, if so directed by the supervising probation officer.

I. POSITIONS OF THE PARTIES

At the hearing, the Government argued that clear and convincing evidence shows that the Defendant violated his conditions of release by testing positive for marijuana on September 12, October 8, November 12, and December 10, 2019. AUSA Arrowood also proffered that the Defendant failed to attend a mental health and substance abuse treatment appointment on November 16, 2019.[2] He maintained that based upon the Defendant's demonstrated pattern of failing drug tests monthly between September and December 2019, the Court should find that the Defendant is unlikely to abide by any condition that the Court would set. He stated that the Defendant's probation officers have gone to great lengths to get him into drug and mental health treatment, but the Defendant has failed to attend. AUSA Arrowood asserted that the United States Probation Office has done all it can do to assist the Defendant and that his release should be revoked.

---

[2] AUSA Arrowood introduced the Petition [Doc. 44] as Exhibit A to the hearing, in support of his contentions about the Defendant's violations.

Mr. Stone argued that Defendant Hopkins-Brown participated in the initial mental health assessment at Shanle Psychological Services ("Shanle") [Exh. B, SEALED[3]] but failed to attend his November appointments at Shanle, which is forty minutes away from his residence, due to transportation problems.  The Defendant stated that he has no reliable transportation and must either walk or take a city bus to meet coworkers who pick him up for his scrap removal job.  Mr. Stone said that he had spoken with Mr. Byron Sims, the Defendant's therapist at Shanle, who stated that the Defendant has attended one appointment in December and two appointments in January [Exh. C].  The Defendant related that Shanle provides him with two bus tickets at each bi-monthly meeting—one to return home and one to come to the next meeting.  Mr. Stone said the Defendant has also attended all appointments with USPO Derek Brand, his supervising probation officer in Michigan.

Mr. Stone stated that the Defendant began using marijuana at age eighteen and has now used it for eleven years.  The Assessment Report [Exh. B, SEALED] from Shanle states that the Defendant reported using "substances" to control mental health symptoms.  Although acknowledging that the use of marijuana is a technical violation of the Defendant's conditions, Mr. Stone pointed out that marijuana is not an illegal substance in Michigan.  He stated that the Defendant reports last using marijuana on January 2 or 3, 2020, and that he has not used marijuana since that time.  The Defendant stated that he is scheduled to meet with USPO Brand when he returns to Michigan and would be tested again at that time.

Mr. Stone asked the Court to allow the Defendant to continue on pretrial release, under the same conditions.  He said the Defendant had an "attitude adjustment" when arrested on the Petition and is now committed to working through his marijuana use and attending appointments at Shanle.

---

[3] Mr. Stone asked that the Assessment Report be filed under seal, due to the sensitive information contained therein.  The Defendant's request to seal the Assessment Report is **GRANTED**.

He said that both Mr. Sims and USPO Brand are willing to continue to work with the Defendant. Mr. Stone said that the Defendant's third-party custodian, the Defendant's brother, seems very committed to working with the Defendant but could not provide transportation for him. However, Mr. Stone argued that the Defendant has recently taken the initiative to make sure that he gets to his appointments at Shanle. Mr. Stone also related that the Defendant communicates well with him and that they have worked on the Defendant's case all morning.

## II.     ANALYSIS

"A person who has been released under [18 U.S.C. §] 3142 . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). After a hearing, the Court *shall* revoke the defendant's release and detain the defendant, if it finds probable cause to believe the defendant has committed another crime while on release[4] or clear and convincing evidence that the defendant has violated any other condition of release and the Court also finds "there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community" or that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2).

In the instant case, the Court conducted a hearing pursuant to 18 U.S.C. § 3148 to determine whether the Defendant violated the terms of his pretrial release and, if a violation has occurred, whether sanctions are appropriate. Based upon the Government's proffer of the Petition [Exh. A], the undersigned finds clear and convincing evidence that the Defendant has violated the conditions

---

[4] If the Court finds probable cause to believe that the defendant has committed a felony while on pretrial release, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b).

of his release. The Defendant failed to attend at least[5] a November 16, 2019, appointment at Shanle for mental health and substance abuse treatment. Additionally, the Defendant tested positive for marijuana use on four occasions in 2019. Although marijuana may not be an illegal substance in Michigan, the Defendant acknowledges the use of marijuana violates his federal conditions of release.

However, the Court does not find that there are no conditions that will permit the Defendant to appear as required or protect the safety of the community, nor does the Court find that the Defendant will not abide by any conditions. Instead, the Court observes that in the past month, Defendant Hopkins-Brown has demonstrated a renewed willingness to abide by his conditions of release, to include not using controlled substances and attending mental health and substance abuse treatment. It appears that the Defendant has mitigated his transportation problems, in that his coworkers pick him up for work, Shanle provides bus tickets for him to attend appointments there, and the Defendant was able to purchase a bus ticket to attend the instant hearing. Additionally, it appears to the Court that the Defendant has been using marijuana to self-medicate in order to control mental health symptoms. The Defendant is now attending mental health and substance abuse counseling twice monthly, which should assist the Defendant in finding alternative treatment solutions that do not violate his conditions. In this regard, the Court also notes that the Assessment Report [Exh. B, SEALED] from Shanle states the Defendant reported previously abstaining from the use of controlled substances for an eighteen-month period.

---

[5] Defense counsel displayed but did not introduce notes from Mr. Sims indicating that the Defendant may have missed additional appointments at the end of 2019. Mr. Stone argued that the Defendant has now attended fifty percent of his appointments at Shanle.

Accordingly, the Court will give the Defendant one more chance to abide by his conditions of release until his trial in this case.[6] Hereafter, the Court will consult with the United States Probation Office monthly to learn whether the Defendant has been attending his bi-monthly appointments at Shanle and whether he has had any positive drug screens. If the Defendant violates these or any other conditions of his release, the Court will know that he is unable to abide by the conditions set by the Court.

III.     CONCLUSION

The Government's motion that the Court revoke the Defendant's release is **DENIED**, and the Defendant's release shall continue under the conditions [Doc. 29] previously imposed. Additionally, the Defendant's Motion for Funding for Transportation of Indigent Defendant [**Doc. 46**] is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
United States Magistrate Judge
Debra C. Poplin

---

[6] The Defendant's trial is currently set for February 25, 2020. Mr. Stone informed the Court that if the Defendant is still proceeding to trial after the expiration of his February 11 plea deadline, Mr. Stone will move for a trial continuance to prepare the case for trial.